**Laurence MASSA, Appellant,**

v.

**JIFFY PRODUCTS CO., Inc., Appellee.**

**No. 14935.**

United States Court of Appeals
Ninth Circuit.

Jan. 21, 1957.

Rehearing Denied Feb. 26, 1957.

Joseph W. Fairfield and Ethelyn F. Black, Los Angeles, Cal., for appellant.

William Douglas Sellers, Pasadena, Cal., for appellee.

Before STEPHENS, and ORR, Circuit Judges, and ROSS, District Judge.

ORR, Circuit Judge.

Jetco, Inc., a California corporation, filed suit in a California state court against Jiffy Products Co., (Jiffy), a Texas corporation, and other corporations and individuals, alleging unfair competition by the defendants in the use of Jetco's trade name "Jiffy" on their own products. As a second cause of action, Jetco alleged registration of the trade mark "Jiffy" by Laurence Massa, president of Jetco, his assignment of the mark to Jetco, and infringement of the mark by the defendants. The mark and the patent refer to metal teeth for use on excavating equipment.

The case was removed to the Federal District Court. In its answer Jiffy admitted the use of the mark "Jiffy" on its excavating equipment; denied illegal infringement; plead laches, estoppel, prior use, waiver, res judicata, and fraud in the registration of plaintiff's trade mark. Jiffy also counterclaimed against Jetco, alleging that the controversy arose from an alleged infringement of a void patent for excavating teeth issued to Laurence Massa, and assigned to Jetco, and prayed that the patent be declared void. Jiffy also asserted ownership of the trade name "Jiffy", and prayed for an order of rectification of the registration in favor of Jiffy, and damages for infringement by Jetco.

In answering the counterclaim of Jiffy, Jetco admitted ownership of the patent, and asserted its claim of ownership to the trade mark. The deposition of Laurence Massa, president of Jetco, was subsequently taken from which it appeared that Massa had not assigned either the trade mark or the patent to Jetco. Upon learning this from the deposition, Jiffy moved the court to bring Massa in as a third party defendant on the ground that he was a necessary party. The motion was granted whereupon Jiffy filed a third party complaint against Massa alleging the invalidity of the patent and denying ownership of the trade mark in Massa.

Massa moved to vacate the order bringing him in as a third party defendant, to strike the third party complaint, and to dismiss the action against him for lack of jurisdiction. This motion was not granted, but in lieu thereof the Court granted a motion by Jiffy to reidentify Massa as a party defendant, and to re-identify Jiffy's third party complaint as a cross-complaint.

Massa answered the cross-complaint. The Court ordered Massa to answer certain interrogatories, and he refused. Basing its action on this refusal, the Court struck Massa's answer, and ordered that a default judgment be entered. The default judgment held the patent invalid, and further decreed that as between the parties before it, Jiffy was the owner of the trade mark "Jiffy". It was further decreed that the Commissioner of Patents cancel the said mark in favor of Massa, and award a registration to Jiffy upon proper application.

On this appeal from the default judgment, Massa contends that he was improperly joined in this action as a necessary party under Rule 19, Fed.Rules Civ.Proc. 28 U.S.C.A. He says that there is no such joint interest shown as would be necessary to make him an indispensable party under Rule 19(a), and that complete relief could be had by the original parties under Rule 19(b) upon the claim of unfair competition.

Appellant's argument is premised upon the alleged lack of relation between Jetco's action for unfair competition against Jiffy, and Jiffy's cross-complaint against Massa concerning the patent and trade mark. Reliance is had upon Brody v. Charles F. Hubbs & Co., D.C.S.D.N.Y. 1951, 11 F.R.D. 337. In that case the plaintiff, a licensee of patents brought an action in two counts for trade mark infringement and unfair competition relating to certain patents, and for damages. A motion to dismiss the second cause of action for unfair competition for lack of joinder of the licensor of the patents was denied. The Court there held that the licensor was neither an indispensable party nor a necessary party, because there was no claim of patent in-

fringement in the unfair competition count, and thus patent infringement was not an issue in the case.

The validity of the patent together with the proper registration of the trade mark was put in issue in the instant case by Jiffy's counterclaim against Jetco, wherein Jiffy asked for a declaration of the patent's invalidity and a proper recordation of the trade mark, taken together with Jetco's prior allegation of its ownership of the trade mark, and admission of ownership of the patent.

When ownership of the patent and the trade mark in Massa appeared from his deposition, an involuntary joinder of Massa as a party defendant under Rule 19, Fed.R.Civ.P. became proper. Massa, appearing as the registered owner of the patent and trade mark, became an indispensable party in the declaratory judgment action, in order that the alleged infringer might have tried in the one action, as to all parties, the invalidity of the patent and the alleged improper recordation of the trade mark. See Fluorescent Fabrics, Inc. v. Gantner & Mattern Company, S.D.Cal., 1950, 86 U.S.P.Q. 67; accord, Technical Tape Corp. v. Minnesota Mining & Mfg. Co., D.C.S.D.N.Y. 1955, 135 F.Supp. 505.

■ When as here the patent and trade mark issues are in suit and the registered owner failed to come in as a plaintiff, the court properly ordered him brought in as a defendant. Compare: Hoffman v. Santly-Joy, Inc., D.C.S.D.N. Y.1943, 51 F.Supp. 778, 779.

Appellant next contends that the cross-complaint for a declaration of invalidity of the patent does not state a justiciable controversy, since the complaint does not allege Jiffy's infringement and threat of suit by the patentee. The complaint must allege, appellant argues, definite and certain statements to a charge of infringement to raise a justiciable controversy under the Declaratory Judgments Act, 28 U.S.C.A. §§ 2201, 2202, in addition to allegations of infringement by the plaintiff.

It is obvious that the plaintiff need not admit infringement of the patent to sustain the Court's jurisdiction, when the position of the plaintiff is in the alternative, first, absence of infringement if the patent is valid, and second, lack of validity of the patent.

The cross-complaint stated:

"At a time within the last six years, third party defendant stated to a customer of this third party plaintiff that excavating teeth made by this third party plaintiff comprised an infringement of said Letters Patent."

This allegation, says appellant, is not sufficient to spell out a controversy under the Declaratory Judgments Act.

■■ This being a default judgment, the allegations of the cross-complaint are taken as true. Where the patent owner informs a customer of the alleged infringer that there is a violation of the owner's patent by the alleged infringer's manufacturing a certain item, there is sufficient controversy to allow the manufacturer to file suit to have the patent declared invalid. The policy behind the rule is obvious: a manufacturer's customers may decline to purchase products where the threat of patent litigation is present. The manufacturer should not be required to await the patent owner's pleasure in bringing an infringement action, after having been made aware that infringement is claimed, because continuing to handle the product would be hazardous if the patent is valid, and to refrain for a great length of time to await action by the patent owner might result in great loss of the patent is eventually declared invalid. Aralack, Inc. v. Hat Corporation of America, 3 Cir., 1946, 166 F.2d 286; Treemond Co. v. Schering Corp., 3 Cir., 1941, 122 F.2d 702; Hook v. Hook & Ackerman, 3 Cir., 1951, 187 F.2d 52; Technical Tape Corp. v. Minnesota Mining & Mfg. Co., 2 Cir., 1952, 200 F.2d 876; Formmaster Corporation v. G. H. Bishop Co., D.C.S.D.N.Y.1956, 138 F.Supp. 115.

"The fact that a patentee's claim of infringment is a condition prece-

dent of this type of action places the matter of adjudication of the patent within control of the patentee, for, if he wishes to avoid adjudication, he can refrain from making charges of infringment. But having made the charge, he then exposes himself to adjudication." Borchard, Declaratory Judgments, (1941), 807.

The argument is made that the default judgment entered against Massa is void inasmuch as the District Court failed to take evidence to supplement the allegations contained in the cross-complaint. It is urged that a judgment holding a patent invalid cannot be entered by default without additional evidence being taken pursuant to Rule 55 (b), Fed.R.Civ.P., which provides:

"(b) * * * If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages *or to establish the truth of any averment by evidence or* to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States. * * * *" (Italics supplied.)

■ This contention is bottomed upon the theory that the presumption of validity which surrounds the patent can only be overcome by clear and convincing proof, and therefore a special interest is attached to the validity of the patent which prevents a declaration of invalidity by default judgment, without some showing of evidence to support the allegations. Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266, is cited in support of this contention. That case held that allegations of a com-

plaint for denaturalization must be supported by clear, unequivocal, and convincing proof, even though the defendant defaulted. There is no such sanctity in a patent right as found to exist in the right of citizenship. The reason for the heavy burden placed on the Government in a denaturalization proceeding, either contested or by default, is the great significance attaching to citizenship, and the grave consequences often resulting from its loss. On the other hand, the basis of the presumption of validity of a patent necessarily arises from the expertness of the administrative agency issuing the patent, and not from the importance of the interest to be protected.

"The presumption created by the action of the Patent Office is the result of expertness of an administrative body acting within its specific field and can be overcome only by clear and convincing proof." Patterson-Ballagh Corp. v. Moss, 9 Cir., 1953, 201 F.2d 403, 406.

■ In the instant case the trial court had before it a verified complaint containing well pleaded averments, which it evidently thought overcame the presumption of validity of the patent and in the exercise of its discretion, concluded that the taking of further evidence was unnecessary. We are unable to say the court's discretion was abused, especially in view of the fact that appellant did not see fit to move to set aside the default judgment.

■ The default judgment states that the patent is invalid, and there had been no infringement of the patent by the cross-complainant.[1] Appellant asserts that there can be no finding of invalidity of a patent, if there is a finding of non-infringement, inasmuch as the validity becomes moot.

We think the ultimate question presented was infringment. In determin-

---

1. The default judgment provided:
"1. That cross-defendant Laurence Massa is the owner of United States Letters Patent No. 2,319,464, dated May 18, 1943.

"2. Said Letters Patent are invalid.
"3. The cross-complainant Jiffy Products Co., Inc., has not infringed said Letters Patent by its manufacture, use or sale of digging teeth."

ing that question the court grounded its finding on non-validity of the patent. Hence, finding of invalidity was basic to the finding of non-infringment.

And again the default judgment is said to be void because the direction to the Commissioner of Patents to change the registration of the trade mark was outside the trial court's jurisdiction. Appellant cites Drittel v. Friedman, 2 Cir., 1946, 154 F.2d 653, in support of his argument that appellee, to have any standing, must have been an applicant to the Commissioner of Patents for the trade mark. However, the section of the statute relied on in the Drittel case has been repealed,[2] and the substituted provision allows the Court to determine the right to registration of a trade mark of any party to the action. See 15 U.S.C.A. § 1119.

Judgment affirmed.

2. 60 Stat. 444 (1946), repealing 33 Stat. 729 (1905).