**Forrest PARROTT, Plaintiff,**

v.

**William L. CARY et al., Defendants.**
**Civ. A. No. 8465.**

United States District Court
D. Colorado.
Sept. 17, 1964.

---

8. At the time this decision was rendered, the statutory requirement for Federal Jurisdiction was $3,000.00.

9. See 240 F.2d page 427.

Landrum & Pierce, Richard Landrum, Zarlengo, Zarlengo & Seavy, and V. G. Seavy, Jr., Denver, Colo., for plaintiffs.

Donald J. Stocking, Regional Administrator, Joseph F. Krys, Asst. Regional Administrator, Edward V. Ahern, Securities and Exchange Commission, Denver, Colo., Philip A. Loomis, Jr., General Counsel, John A. Dudley, Special Counsel, and Michael Joseph, Securities and Exchange Commission, Washington, D. C., for defendant.

ARRAJ, Chief Judge.

This matter is before the Court on defendant's motion to dismiss the Supplemental Second Amended Complaint for lack of jurisdiction, failure to exhaust administrative remedies and failure to show irreparable injury as is required for the granting of the injunctive relief sought in plaintiff's two claims. Defendant has submitted a memorandum brief supporting its position; plaintiff has filed none.

This action was brought under 28 U.S.C. § 1361, which provides that

"[D]istrict courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

The legislative purpose of this recently adopted section was elaborately discussed in McEachern v. United States, 212 F.Supp. 706, 712 (D.C.S.C.1963), affirmed in part, vacated in part on other grounds and remanded 321 F.2d 31 (4 Cir., 1963). This purpose was stated as

being to limit jurisdiction thereby conferred upon district courts to compel Government officials and agencies to make a decision in discretionary matters only when no decision has been made at all. The Act does not intend to influence the substance of the discretionary decision in any manner.

Plaintiff contends that because broker-dealer W. Allen Raleigh has ceased doing business, the defendant is under a "duty" to cancel Raleigh's registration and terminate investigative activities involving plaintiff. It is this "duty" which supposedly gives this Court power to proceed under Section 1361 in this action.

The last sentence of 15 U.S.C. § 78o (b) allegedly creates this "mandatory duty," as plaintiff terms it in his complaint. That sentence is:

> "If the Commission finds that any registered broker or dealer * * * is no longer in existence or has ceased to do business as a broker or dealer, the Commission shall by order cancel the registration or application of such broker or dealer."

■ Defendant has presented persuasive authority to show that this section is permissive, not mandatory. The word "shall" does not connote any imperative obligation. The Commission in its discretion may terminate proceedings or it may continue them even after the broker-dealer has ceased doing business. Peoples Securities Co. v. Securities and Exchange Comm., 289 F.2d 268 (5 Cir., 1961) clearly states the interpretation given to this section.

> "* * * (It) is intended as a provision for getting rid of 'dead wood' in the Commission's files. * * * It in no way restricts the Commission's authority to conduct remedial disciplinary proceedings. * * * (It) authorizes the Commission to cancel a registration or application and clear its records when the broker or dealer is not the subject of a disciplinary proceeding. It does not compel the Commission to do so." Supra, at 275.

Therefore, it would seem that the defendant is under no duty to terminate the proceedings involving the plaintiff, but is clearly within its discretionary authority when it continues the investigation.

Plaintiff's second claim for relief is for an injunction against continuing the investigation as long as William W. Swift sits as hearing examiner. Plaintiff alleges that Section 1361 confers jurisdiction upon this Court over this claim also. The "duty" to remove this examiner, as stated in the complaint, arises because he is employed by defendant "* * * on a year to year basis and subject to continuing employment or removal at the sole will and discretion of the defendants. * * *"

Defendant cites Section 13(a) of the Civil Service Retirement Act, 5 U.S.C. § 2263(a), which permits the re-employment of retired civil servants. Therefore, Mr. Swift's employment is authorized, and there can be no duty to remove him summarily. It would seem to be within the Commission's discretion that he remain as hearing examiner, subject to removal only for "cause."

■ Mandamus is employed to compel the performance of a ministerial duty. It may also be employed to compel the performance of certain decisions involving judgment and discretion. But where a duty is not plainly described, it is regarded as involving the character of judgment or discretion and cannot be controlled by mandamus. Wilbur v. United States ex rel. Kadrie, 281 U.S. 206, 218, 50 S.Ct. 320, 74 L.Ed. 809 (1929).

■ The so-called "duties" which serve as the grounds for both of plaintiff's claims for relief are certainly not "plainly described," if they are described at all. Rather it would seem, they involve wholly discretionary matters over which Section 1361 does not confer upon this Court jurisdiction to compel any specific action. They are not properly subject to enforcement by mandamus; therefore, this Court does not

have jurisdiction to proceed under Section 1361.

Because we find that this Court does not have jurisdiction over the subject matter, it is not necessary to deal with the other contentions urged by defendants as grounds for dismissal. It is therefore,

Ordered that the second amended supplemental complaint and the cause of action be dismissed.