**Richard A. YAHR et al., Plaintiffs,**

v.

**Stanley R. RESOR, as Secretary of the Army, Department of Defense, and Lt. Gen. John J. Tolson, Commanding General of Fort Bragg, North Carolina, Defendants.**

**Civ. No. 876.**

United States District Court,
E. D. North Carolina,
Fayetteville Division.

March 9, 1972.

---

Laughlin McDonald, Chapel Hill, N. C., Dorian Bowman, Leonard Boudin, Rabinowitz, Boudin & Standard, New York City, Howard Moore, Jr., Atlanta, Ga., for plaintiffs.

Warren H. Coolidge, U. S. Atty., Raleigh, N. C., Col. Henry W. Witcover, Judge Advocate Generals Corps., Ft. Bragg, N. C., for defendants.

## ORDER

BUTLER, Chief Judge.

Plaintiffs, soldiers stationed at Fort Bragg, North Carolina, brought this action for a declaratory judgment and a preliminary and permanent injunction against action taken by the defendants, Stanley R. Resor, Secretary of the Army, and Lt. General John J. Tolson, Commanding General of Fort Bragg, North Carolina, under allegedly unconstitutional military regulations which plaintiffs allege deprived them of First Amendment rights secured by the Constitution of the United States. Specifically, plaintiffs allege that they have been denied the right to hold public meetings on the Fort Bragg military reservation and the right to distribute materials in opposition to the war in Vietnam.

Plaintiffs invoke the jurisdiction of this court under 28 U.S.C. §§ 1331, 1361, and 5 U.S.C. §§ 701–703. They allege that the matter in controversy, exclusive of interests and costs, exceeds the value of $10,000.00.

■ Defendants have filed a motion to dismiss for lack of jurisdiction over the subject matter under 28 U.S.C. Fed. Rules Civ.Proc., Rule 12(h) (3) and have submitted to the court a supporting memorandum of law. By letter filed with the court, counsel for the plaintiffs have elected not to answer the motion filed by defendants. Prior to the filing of defendants' motion to dismiss for lack of jurisdiction, this court held a hearing on the motion of the plaintiffs for a preliminary injunction. By order dated January 2, 1970, this court denied the preliminary injunction. Plaintiffs appealed to the Fourth Circuit Court of Appeals which affirmed the order of this court and remanded the case for further proceedings. Yahr, et al. v. Resor, et al., 431 F.2d 690 (4th Cir. 1970). The Supreme Court of the United States denied certiorari. Yahr, et al. v. Resor, et al., 401 U.S. 982, 91 S.Ct. 1192, 28 L. Ed.2d 334 (1971). The issue of jurisdiction was not raised during the hearing on the preliminary injunction nor during the appeal. However, lack of jurisdiction of the subject matter cannot be waived by the parties, by consent or otherwise, and lack of jurisdiction can be raised at any time. Therefore, the motion to dismiss is properly before this court.

Defendants, in their memorandum in support of their motion to dismiss,

argue first that this court lacks jurisdiction under 28 U.S.C. § 1361, which reads as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

■■■ Historically, mandamus is an extraordinary remedy to be granted only in the exercise of sound judicial discretion. Generally speaking, three elements are required:

> (1) a clear right in the plaintiff to the relief sought;

> (2) a clear duty on the part of the defendant to do the act in question; and

> (3) no other adequate remedy is available.

*See* Carter v. Seamans, 411 F.2d 767 (5th Cir. 1969). Before such a writ may issue it must appear that the claim is clear and certain and the duty of the officer involved must be ministerial, plainly defined, and peremptory. The duty sought to be exercised must be a positive command and so plainly prescribed as to be free from doubt. Prairie Bank of Pottawatomie Tribe of Indians v. Udall, 355 F.2d 364 (10th Cir. 1966); Parrott v. Cary, 234 F.Supp. 572 (D.Colo.1964); Switzerland Co. v. Udall, 225 F.Supp. 812 (W.D.N.C.1964).

■■■ This court has previously held, in its order denying a preliminary injunction in this case, that the challenged Army and Fort Bragg regulations are constitutionally valid. Yahr, et al. v. Resor, et al., Civil No. 876—Fayetteville Division (E.D.N.C. January 2, 1970). Only in the event that the defendant Tolson abused his discretion in the application of the Army directives could his actions be challenged. Mandamus is not a proper remedy to challenge abuse of discretion. In 5th Avenue Peace Parade Comm. v. Hoover, 327 F.Supp. 238, 243 (S.D.N.Y.1971), the court said:

> They [plaintiffs] rests upon the flat assertion that defendants have a duty not to violate the constitutional rights of the plaintiffs. Although the proposition cannot be denied, I think that to allow it as a basis for federal jurisdiction under § 1361 would be to stretch mandamus far beyond its proper limits.

Therefore, although defendants owe a duty to the plaintiffs not to violate their constitutional rights, the defendant Tolson was exercising a discretionary function in the application of valid Army regulations, and his action was not merely ministerial involving a clear and peremptory duty to plaintiffs. This court is of the opinion that it lacks jurisdiction under § 1361 and that defendants' motion to dismiss for lack of subject matter jurisdiction under § 1361 should be allowed.

■■■ The defendants also urge, in their motion to dismiss, that this court lacks jurisdiction under the Administrative Procedure Act, 5 U.S.C. §§ 701–703. The purpose of the Act is to provide a judicial review of agency action rather than to confer jurisdiction upon the courts. Ove Gustavsson Contracting Co. v. Floete, 278 F.2d 912 (2d Cir. 1960). In the instant case soldiers challenge the discretionary action of their superior officers. Generally, courts should not interfere in military affairs. Orloff v. Willoughby, 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842 (1953). Were this court to take jurisdiction under §§ 701–703, in this case, it would be required to hear all other cases involving soldiers who question the decisions and orders of their superior officers.

■■■ Further, the action of the defendants involves a decision of a Commanding General concerning the maintenance of loyalty, discipline, and morale among Army troops under his command. Such action clearly involves a question of national security and such questions are precluded from judicial review under the Administrative Procedure Act. Curran v. Laird, 136 U.S.App.D.C. 280, 420 F.2d 122 (1969).

The court is of the opinion that it lacks jurisdiction to hear this case under

5 U.S.C. §§ 701–703, and the motion of defendants to dismiss for lack of jurisdiction under the Administrative Procedure Act should be allowed.

▇▇▇▇▇▇ Lastly, the defendants assert that this court lacks jurisdiction under 28 U.S.C. § 1331(a) which reads as follows:

The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States.

Although this case involves a federal question of first amendment rights, it becomes necessary to determine whether or not this controversy involves the requisite jurisdictional amount. The plaintiffs have made the bare allegation that the matter involves more than $10,000.00, exclusive of interest and costs. Defendants' motion to dismiss traverses that allegation. As noted earlier plaintiffs' counsel filed with the court a letter stating that they did not wish to make a formal reply to defendants' motion to dismiss, although it is plaintiffs' duty, when challenged, to satisfy the court that the required amount is in controversy. Wright, Federal Courts, at 94 (1963). In the case of Post v. Payton, 323 F.Supp. 799, 804 (E.D.N.Y.1971) the court noted in a case involving first amendment rights that:

Plaintiffs have made no effort to establish that the jurisdictional minimum is satisfied here. The reason for such failure seems to be obvious, for the right which plaintiffs-listeners seek to be protected is one which is inherently incapable of monetary valuation. However unwise the $10,000 requirement may seem to be in establishing federal question jurisdiction, it nevertheless remains in the statute and we find no exception based upon the reason that the alleged damages may be incapable of measurement.

It is well established that the amount in controversy must exceed $10,000.00 before a district court is vested with federal question jurisdiction under § 1331. *See,* Oestereich v. Selective Service System, 393 U.S. 233, 89 S.Ct. 414, 417, 21 L.Ed.2d 402 (1968).

In Giancana v. Johnson, 335 F.2d 366, 367–369 (7th Cir. 1964), cert. denied 379 U.S. 1001, 85 S.Ct. 718, 13 L.Ed.2d 702 (1964), the court said:

District Courts are courts of limited jurisdiction, possessing only the jurisdiction that Congress has conferred upon them by statute. . . . Courts may not treat as a mere technicality the jurisdictional amount essential to the "federal question" jurisdiction, even in this case where there is an allegedly unwarranted invasion of plaintiff's privacy. The showing of that essential is not a mere matter of form, but is a necessary element. Congress in § 1331 expressed the "federal question" jurisdiction in plain words. The district courts and suitors are bound by the words expressed. Congress could have withheld the jurisdiction entirely, as it did from 1789 to 1875. Or it could have given jurisdiction over suits arising "under the Constitution, laws, or treaties of the United States" simply. But it limited the jurisdiction by including the element of the sum or value of the matter in controversy, and the Congressional will is that unless that sum or value is shown there is no "federal question" presented and no jurisdiction. . . . Congress had a reason for setting the minimum jurisdictional sum or value in limiting the jurisdiction of the district court. (It surely knew of the priceless nature of liberty and privacy when it required showing of that element.) . . . it is no answer to failure to bring his claim within the jurisdictional prerequisite that the value is inestimable.

The requirement that the amount in controversy must exceed $10,000 even in

cases involving an alleged violation of first amendment rights has recently been reaffirmed in the case of Goldsmith v. Sutherland, 426 F.2d 1395 (6th Cir. 1970), cert. denied 400 U.S. 960 (1970). The facts in that case were similar to the instant case. In that case Goldsmith was denied the right to distribute antiwar leaflets on the Fort Knox military reservation. His action in the district court seeking an injunction granting him the right to distribute the leaflets was dismissed for failure to show that the requisite jurisdictional amount was in controversy. On appeal Goldsmith contended that the constitutional right was worth considerably more than $10,000. The Sixth Circuit found that since the appellant was incapable of evaluating the right in monetary terms it did not appear to a legal certainty that the amount in controversy was present and therefore the action had been properly dismissed.

This court is aware of some recent District Court cases holding that an alleged violation of constitutional rights is *per se* worth more than $10,000. *See*, for example, Murray v. Vaughn, 300 F. Supp. 688 (D.R.I.1969); Cortright v. Resor, 325 F.Supp. 797 (E.D.N.Y.1971); 5th Ave. Peace Parade Comm. v. Hoover, 327 F.Supp. 238 (S.D.N.Y.1971). However, it is not the duty of lower courts to undertake a major change in what has been understood to be accepted doctrine.

> Nor is it desirable for a lower court to embrace the exhilarating opportunity of anticipating a doctrine which may be in the womb of time, but whose birth is distant.

Spector Motor Service v. Walsh, 139 F. 2d 809 (2d Cir. 1943) (L. Hand, J., dissenting).

This court is of the opinion that it lacks jurisdiction of this case under § 1331. Now, therefore,

It is ordered that defendants' motion to dismiss be allowed and that the action be, and the same is hereby, dismissed.