**JENO'S INC., Plaintiff,**

v.

**COMMISSIONER OF PATENTS AND TRADEMARKS OF the UNITED STATES, and Assistant Commissioner for Trademarks, Defendants.**

**Civ. No. 4–80–10.**

United States District Court, D. Minnesota, Fourth Division.

Sept. 5, 1980.

---

Dorsey, Windhorst, Hannaford, Whitney
& Halladay by Peter Dorsey and Ronald J.
Brown, Minneapolis, Minn. and Hume,
Clement, Brinks, William & Olds, Ltd. by
Richard G. Lione and Richard H. Compere,
Chicago, Ill., for plaintiff.

Thomas K. Berg, U. S. Atty., by Stephen G. Palmer, Asst. U. S. Atty., Minneapolis, Minn., for defendants.

## MEMORANDUM AND ORDER

MILES W. LORD, District Judge.

Before the Court are parties' motion and cross motion for summary judgment. After careful consideration of the entire file, all proceedings and counsel's memoranda, the Court is prepared to rule.

## I. FACTS

Counsel have stipulated that for the purpose of disposing of the instant matter, the following constitutes the relevant and undisputed set of facts:

1. In January, 1970, plaintiff filed a first trademark application in the U.S. Patent and Trademark Office seeking to register PIZZA ROLLS as a trademark for frozen pasta snacks.

2. In due course, PIZZA ROLLS was published for opposition in the Official Gazette of the U.S. Patent and Trademark Office. 896 O.G. 103 (March 14, 1972).

3. RJR Foods, Inc., filed an opposition to the registration by plaintiff of PIZZA ROLLS. In a final agency action by the Trademark Trial and Appeals Board, on October 2, 1975, it was held that PIZZA ROLLS was descriptive and that plaintiff was not entitled to a federal registration for PIZZA ROLLS. RJR Foods, Inc., thus prevailed in the opposition. The records of the U.S. Patent and Trademark Office do not show that plaintiff sought judicial review under 15 U.S.C. § 1071 of the decision of the Trademark Trial and Appeal Board.

4. On December 12, 1978, the Patent and Trademark Office published for opposition in the Official Gazette the mark PIZZAROLLAS owned by Vitale's Italian Foods, Inc. (Vitale's).

5. Plaintiff filed for an extension of time to oppose said application and then on January 26, 1979, filed its second application to register PIZZA ROLLS for its pasta snacks. On February 2, 1979, plaintiff filed Civil Action No. 5–79–14 in the District Court of Minnesota, Fifth Division, against Vitale's. Civil 5–79–14 sought to enjoin Vitale's from continued use of the trademark PIZZAROLLAS and other relief. This Court had jurisdiction over Civil Action No. 5–79–14 since it arose under the Trademark Act of 1946 (15 U.S.C. § 1125(a) and 28 U.S.C. § 1338). A registered mark was not involved in this action.

6. On March 26, 1979, Vitale's filed its answer, therein claiming as affirmative defenses that plaintiff's mark PIZZA ROLLS was generic or merely descriptive and that plaintiff had unsuccessfully attempted to obtain federal trademark registration of the mark PIZZA ROLLS.

7. On June 14, 1979, this Court entered a consent judgment in the above-mentioned cause, wherein it is stated that:

3. Plaintiff has employed much care and incurred great expense in the preparation, advertising and sale of its pasta snacks sold under the PIZZA ROLLS trademark. In the last ten years, Plaintiff has sold nationwide over 150,-000,000 cartons of pasta snacks bearing the trademark PIZZA ROLLS at a total dollar value in excess of 83,000,000 dollars, and has expended over 16,000,-000 dollars in advertising said products. By virtue of said extensive sales and advertising of products having the trademark PIZZA ROLLS, the public at large has come to identify the trademark PIZZA ROLLS as an indication that the products bearing same originate exclusively from Plaintiff.

8. In paragraph 9 of the consent judgment, the Commissioner of Patents and Trademarks was ordered to deny Vitale's application to register the designation PIZZAROLLAS. In paragraph 10, the Commissioner was ordered to issue a registration for the mark PIZZA ROLLS to plaintiff pursuant to its second application; paragraph 10 provided:

10. Pursuant to 15 U.S.C. 1119, the Commissioner of Patents and Trademarks is hereby ordered to issue a registration for the mark PIZZA ROLLS to Jeno's, Inc. pursuant to its application, Serial No. 201,439 [the second application].

9. The consent judgment does not mention the prior decision of the Trademark Trial and Appeal Board. Plaintiff's present complaint likewise neglects to mention the Trademark Trial and Appeal Board's earlier determination.

10. This judgment was certified and sent by the Clerk of the Court to the Commissioner of Patents and Trademarks on June 18, 1979; it was received by the U.S. Patent and Trademark office on June 20, 1979. On September 26, 1979, pursuant to the Court's Judgment, the Commissioner of Patents and Trademarks through the Trademark Trial and Appeal Board denied Vitale's application.

11. On November 20, 1979, the trademark examiner assigned to examine plaintiff's second application refused to register PIZZA ROLLS relying on the prior decision of the Trademark Trial and Appeal Board.

12. Plaintiff then filed a petition to the Commissioner seeking to have the Commissioner order the second application passed to publication, i. e., publish PIZZA ROLLS in the Official Gazette for opposition by third parties.

13. Before receiving a decision on its petition, plaintiff filed this civil action seeking a writ of mandamus compelling the Commissioner to carry out paragraph 10 of the consent judgment.

14. Since the civil action was filed, a decision has been entered denying the petition pending outcome of this civil action.

Stipulation of parties, Doc. No. Civ. 4–80–10 (filed April 10, 1980, D.Minn.).

## II. DISCUSSION

Plaintiff's complaint requests that this Court issue a writ of mandamus compelling the Commissioner of Patents and Trademarks to register plaintiff's trademark, Jeno's Pizza Rolls. Plaintiff argues that it has come to court with clean hands and that there is no reason to deny it this extraordinary equitable remedy.

Plaintiff places strong emphasis on its argument that mandamus is proper because it will not cause any injury to others, and that ample safeguards exist within the registration process to assure this. Plaintiff notes that the only company which might oppose its application is no longer in existence and that publication would provide opportunity for objectors of the mark to come forth.

In addition, plaintiff argues that it would be in the best interests of justice to expedite matters by granting its motion now, reasoning that it will probably be unsuccessful at an administrative level and return to this Court for an ultimate ruling.

The Commissioner argues that mandamus is an equitable remedy and that as such cannot be invoked here where injury to others may result. *Earle R. Hanson & Assoc. v. Farmers Cooperative Creamery Co.*, 403 F.2d 65, 70 (8th Cir. 1968). Defendants note the possible injury to RJR Foods, Inc., which had successfully opposed Jeno's application for registration previously.

In addition, defendants argue that mandamus is not available where the remedy of appeal exists; defendants note that appeal to an administrative tribunal is available to Jeno's.

The power of the district court to issue writs of mandamus is governed by 28 U.S.C. § 1361 (1976); that statute provides "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Id.*

 It must be noted at the outset, however, that "[m]andamus is an extraordinary remedy to be utilized only in the clearest and most compelling cases." *Cartier v. Secretary of State*, 506 F.2d 191, 199 (D.C. Cir.1974); *Sperry Rand Corp. v. Larson*, 554 F.2d 868, 872 (8th Cir. 1977). Further, the

decision to either grant or deny the writ rests in the sound discretion of this Court. *See Ex Parte Peru*, 318 U.S. 578, 584, 63 S.Ct. 793, 797–798, 87 L.Ed. 1014 (1943); *United States v. United States District Court*, 509 F.2d 1352, 1354 (9th Cir. 1975); *Siegel v. Chicken Delight, Inc.*, 448 F.2d 43, 53 (9th Cir. 1971). In exercising its discretion, this Court is mindful that the purpose of this statutory provision is to permit district courts generally to issue appropriate corrective orders where federal officials are not acting within the zone of their permissible discretion; the writ will issue only where the federal officers are abusing their discretion or acting contrary to law. *See State Highway Commission v. Volpe*, 479 F.2d 1099, 1104–05 n. 6 (8th Cir. 1973). One critical consideration in determining the propriety of resort to a writ of mandamus is the question of alternative remedies; the writ is usually denied when alternatives exist. *McNutt v. Hills*, 426 F.Supp. 990, 999 (D.D.C.1977). It appears that the alternative remedy of administrative appeal exists to plaintiff here.[1]

■ Generally speaking, mandamus requires three elements: (1) a clear right in the plaintiff to the relief sought, (2) a clear duty on the part of the defendant to do the act in question, and (3) no other adequate remedy is available. *See Yahr v. Resor*, 339 F.Supp. 964, 967 (E.D.N.C.1972).

■ Before the writ may issue, this Court must determine that the claim is clear and certain and that the duty of the officer involved is ministerial, plainly defined and peremptory. *Id.* at 967.

■ Plaintiff does not satisfy the requirements necessary for the Court to issue a writ of mandamus. Plaintiff's right to relief lies within the discretion of the Commissioner of Patents and Trademarks. In addition, other adequate remedies are available to plaintiff. An adverse decision may be appealed to the Trademark Trial and Appeal Board, and from there to the United States Court of Customs and Patent Appeals, 15 U.S.C. § 1071(a) (1976), or to this Court, 15 U.S.C. § 1071(b) (1976).

■ Another consideration is important to note here. The mandamus statute, which empowers district courts to entertain any action in the nature of mandamus, to compel an officer or employee of the United States to perform a duty, does not confer any further jurisdiction upon this Court which it does not otherwise have. *See Donahue v. Butz*, 363 F.Supp. 1316, 1318 n. 1 (N.D.Cal.1973). The question is, does this District Court have original or concurrent jurisdiction to order the registration of plaintiff's trademark?

Plaintiff argues that § 37 of the Lanham Act, 15 U.S.C. § 1119 (1976), confers upon this Court jurisdiction to determine the registerability of trademarks generally. Plaintiff cites *Massa v. Jiffy Products Co. Inc.*, 240 F.2d 702 (9th Cir. 1957), as almost identical to the present case. In *Massa*, the District Court ordered cancellation of Massa's federally issued trademark and ordered registration of defendant's mark upon proper application. The Court of Appeals upheld the District Court's power to do this. 240 F.2d at 707.

Plaintiff further argues that defendants' position, which is essentially that where no registered mark is involved in an action, the Court lacks jurisdiction to determine registerability, is contrary to case law and the spirit and purpose of the Lanham Act. Plaintiff cites numerous cases to indicate defendants' position is incorrect and that district courts do have concurrent jurisdiction with the Commissioner of Patents and Trademarks to determine the question of registerability of trademarks. Those cited include *Simmonds Aerocessories, Ltd. v. Elastic Stop Nut Corp.*, 257 F.2d 485 (3rd Cir. 1958): *Old Dutch Foods, Inc. v. Dan Dee Pretzel & Potato Chip Co.*, 477 F.2d 150 (6th Cir. 1973); *Avon Shoe Co. v. David Crystal Inc.*, 279 F.2d 607 (2nd Cir. 1960); *Standard Pressed Steel Co. v. Midwest*

---

1. Mandamus is not to be used as a substitute for appeal. *Bruno v. Hamilton*, 521 F.2d 114, 117 (8th Cir. 1975).

*Chrome Process Co.*, 418 F.Supp. 485 (N.D. Ill.1976); *Continental Connector Corp. v. Continental Specialties Corp.*, 413 F.Supp. 1347 (D.Conn.1976); and *Sam S. Goldstein Industries, Inc. v. Botany Industries Inc.*, 301 F.Supp. 728 (S.D.N.Y.1969). Accordingly, plaintiff reasons that this Court, in Civil 5–79–14, had authority to order registration of plaintiff's trademark by following the precedent set by the Courts in the cases cited *supra.*

Defendant, on the other hand, maintains that Civil 5–79–14, involving plaintiff and defendant Vitale's Inc., was dissimilar to the cases cited by plaintiff. Defendant argues that the Lanham Act never contemplated district court jurisdiction where none of the parties involved held a registered trademark.

Section 37 of the Lanham Act provides:

In any action involving a registered mark the court may determine the right to registration, order the cancellation of registrations, in whole or in part, restore cancelled registrations, and otherwise rec-

tify the register with respect to the registrations of any party to the action. Decrees and orders shall be certified by the court to the Commissioner, who shall make appropriate entry upon the records of the Patent Office, and shall be controlled thereby.

15 U.S.C. § 1119 (1976).

The wording of the section appears somewhat vague when read as a whole; nevertheless the entire section is qualified by the first clause, and that clause provides "[i]n any action involving a *registered* mark." *Id.* This language indicates that the Court may decide the registerability of a mark only where another registered mark is somehow involved in the action. Plaintiff contends that this position is contrary to case law. However, every case which plaintiff cites in favor of its argument involves at least one party who holds a registered mark. Plaintiff's own cases support defendants' position.[2]

The Court, after careful consideration of all the cases noted in this area, finds no

---

**2.** Plaintiff's memorandum in opposition to defendants' pending motion provided this Court a case which supports defendants' position. In *Continental Connector Corp. v. Continental Specialties Corp.*, 413 F.Supp. 1347 (D.Conn. 1976), Judge Newman reasoned:

It has been stated that the "courts of the United States have no jurisdiction over registration proceedings except that appellate jurisdiction given them by the Trade-Mark Act." *Merrick v. Sharp & Dohme, Inc.*, 185 F.2d 713, 717 (7th Cir. 1950) (*dictum*). See 15 U.S.C. §§ 1052(d), 1071(b). There is no question that jurisdiction over registration *proceedings* has been confided by Congress in the Patent and Trademark Office. 15 U.S.C. § 1051 *et seq.* Yet, in some cases, a district court, exercising original jurisdiction, has power to order a registration. *See, e. g., Massa v. Jiffy Products Co.*, 240 F.2d 702 (9th Cir. 1957); *cf. Avon Shoe Co. v. David Crystal, Inc.*, 279 F.2d 607, 614–15 (2d Cir. 1960). In *Massa* the authority to order such relief was founded upon 15 U.S.C. § 1119, which permits a court in any action "involving a registered mark" to "rectify the register with respect to the registrations of any party to the action."

The parties appear to assume that § 1119 permits a court to order registration of a mark only when it otherwise has jurisdiction to adjudicate a claim involving that same mark. That was the situation in *Massa*,

where the plaintiff alleged infringement of its registered mark, and the court found that defendant owned the mark and was entitled to registration of it. The statute is not so narrowly worded. By giving a court authority to rectify the register with respect to the "registrations" of any party, the statute appears to permit rulings on marks other than the one on which a particular claim is founded. The statute permits a court to act in "any action involving a registered mark." Of course, even under § 1119, a court, exercising jurisdiction over a suit involving a registered mark, would not be expected to entertain unrelated claims for registration of other marks.

*Id.* at 1348–49.

Defendants' position is well received. This Court may not act unless some party stands before it with a registered mark. This statute allows the Court to correct the Register in a proper infringement action, but the instant case is not such an action. It appears to the Court that plaintiff's proper course is to appeal the Commissioner's most recent decision to the appropriate administrative appeals board; should plaintiff be dissatisfied with that administrative decision, then it may appeal that decision to the United States Court of Customs and Patent Appeals or to this Court. 15 U.S.C. § 1071 (1976).

precedent which allows it to force the Commissioner to register plaintiff's mark where neither of the parties to the action held a registered trademark at the time of the hearing. The Court is rather moved by defendants' argument.

Alternatively, the decisions reached by this Court in the earlier cause, Civil 5–79–14, were premised upon the parties' stipulation and consent judgment. This Court's interest at that time was to allow the parties to the action to come to an agreement satisfactory to themselves. In agreeing to their stipulation, the Court had no intention to change the law nor affect the rights of others not a party to the case. In agreeing to paragraph 10 in the consent judgment, Vitale's neither gained nor lost anything. Paragraph 10 was drafted merely for the benefit of Jeno's and impacted only the Commissioner, who was not even a party to the action. This Court has serious reservations with binding someone, not a party to the action, to a consent judgment which was essentially worked out in the spirit of compromise between two adversaries, neither of whom represented the interests of the Commissioner.

Accordingly, this Court determines that the Lanham Act was designed to allow the Court to decide the issue of registerability of a mark where at least one of the parties to the action holds a registered trademark at the time the action is commenced. This is not the situation here. This Court has no parallel authority with the Commissioner in this case to decide whether the plaintiff's mark is registerable under the Lanham Act. Under the law, as it stands, plaintiff must make use of its available administrative remedies. Further, the Commissioner is not bound by paragraph 10 of the consent judgment entered in Civil 5–79–14.

Based upon the foregoing:

IT IS ORDERED:

(1) Plaintiff's motion for summary judgment is denied.

(2) Defendants' motion for summary judgment is granted.