INFORMIX SOFTWARE, INC.,
a Delaware corporation,
Plaintiff,

v.

ORACLE CORPORATION, a California corporation, and Melita International Corporation, a Georgia corporation, Defendants.

C–96–1035 WHO.

United States District Court,
N.D. California.

May 30, 1996.

---

Ian N. Feinberg, Anthony M. Stiegler, Cathy Ann Bencivengo, Andrew P. Valentine, L. Scott Oliver, Gray, Cary, Ware & Freidenrich, Palo Alto, CA, for plaintiff.

Joel Linzner, Townsend & Townsend & Crew, San Francisco, CA, Brenda G. Woodson, Oracle Corporation, Redwood City, CA, for defendant Oracle.

Joel Linzner, Townsend & Townsend & Crew, San Francisco, CA, Robert A. Enholm, Melita International Corporation, Norcross, GA, for defendant Melita.

## OPINION AND ORDER

ORRICK, District Judge.

In this trademark action, plaintiff Informix Software, Inc. ("Informix") sues defendants Oracle Corporation ("Oracle") and Melita International Corporation ("Melita") for declaratory relief, cancellation of trademark, unfair competition, and trade libel. Oracle now moves the Court under Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing the second, third, and fourth claims for failure to state a claim upon which relief can be granted. For the reasons hereinafter set forth, the Court GRANTS Oracle's motion to dismiss with prejudice Informix's second claim for trademark cancellation, and grants with leave to amend Oracle's motion to dismiss Informix's third and fourth claims for unfair competition and trade libel.

## I.

The following facts are taken from the complaint, filed with this Court on March 20, 1996. Informix is a manufacturer of database software and servers. Melita owns a federal registration, Reg. No. 1,893,541, for the trademark UNIVERSAL SERVER for a "memory device for the storage and retrieval of video, audio, image and data information, in Class 9," issued on May 9, 1995. Oracle has an exclusive license to use this trademark. Informix alleges that the term "universal server" is a highly descriptive or purely generic term that, in the context of computer products, describes both hardware and software components that offer adaptability and versatility in the storage and manipulation of different forms of computerized information. Thus, Informix alleges, the trademark is invalid.

Informix's first claim, against Melita and Oracle, is for a declaratory judgment on the validity of the trademark. The second claim, against Melita and Oracle, is for cancellation of the trademark on the grounds that it is merely generic or descriptive, and should have been denied registration. The third claim, against Oracle only, alleges a claim for unfair competition. The fourth claim, against Oracle only, alleges a claim for trade libel and trade disparagement. Oracle, but not Melita, now moves to dismiss the second, third, and fourth claims.

## II.

### A.

A motion to dismiss under Rule 12(b)(6) cannot be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990). In analyzing whether to grant a Rule 12(b)(6) motion, the court should keep in mind that dismissal is disfavored and should

be granted only in "extraordinary" cases. *United States v. Redwood City,* 640 F.2d 963, 966 (9th Cir.1981). Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1555 n. 19 (9th Cir.1990). Material that is properly submitted as part of the complaint, however, may be considered in ruling on a motion to dismiss. *Id.* In addition, documents whose contents are alleged in a complaint, and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss. *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir.1994).

In analyzing a motion to dismiss, the Court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. *NL Indus., Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir.1986). Factual allegations can be disregarded, however, if contradicted by the facts established by reference to documents attached as exhibits to the complaint. *Durning v. First Boston Corp.,* 815 F.2d 1265, 1267 (9th Cir.1987). Conclusory allegations, unsupported by the facts alleged, need not be accepted as true. *Holden v. Hagopian,* 978 F.2d 1115, 1121 (9th Cir.1992).

### B.

Oracle moves to dismiss Informix's second claim for trademark cancellation on the grounds that only Melita, not Oracle, is a proper defendant. The issue of who can be sued for trademark cancellation in federal court appears to be an issue of first impression.[1]

15 U.S.C. § 1119 provides for concurrent jurisdiction in this Court and the Trademark Trial and Appeal Board over the cancellation of trademarks. *W & G Tenn. Imports, Inc. v. Esselte Pendaflex Corp.,* 769 F.Supp. 264, 266 (M.D.Tenn.1991).

---

1. It may be that most trademark cancellations are brought before the Trademark Trial and Appeal Board.

In any action involving a registered mark the court may ... order the cancellation of registrations, in whole or in part, ... and otherwise rectify the register with respect to the registrations of any party to the action. Decrees and orders shall be certified by the court to the Commissioner, who shall make appropriate entry upon the records of the Patent and Trademark Office, and shall be controlled thereby.

15 U.S.C. § 1119. Section 1064 provides that a petition to cancel a registered trademark may be filed by any person who believes that he or she is or will be damaged by the registration of the mark. *Id.* § 1064. The petition may be filed "[a]t any time if the registered mark becomes the generic name for the goods or services, or a portion thereof, for which it is registered...." *Id.* § 1064(3).

These sections do not expressly delineate the parties who may be sued for trademark cancellation. Section 1119, however, provides that the Court may rectify the trademark register with respect to "the registrations of any party to the action." This phrase suggests that a complaint for trademark cancellation should proceed against the party who currently owns the trademark. *Cf. Jeno's Inc. v. Commissioner of Patents & Trademarks,* 498 F.Supp. 472, 477 n. 2 (D.Minn.1980) ("This Court may not act [pursuant to § 1119] unless some party stands before it with a registered mark."). In this action, that party is alleged to be Melita, not Oracle.

Informix relies on the hornbook trademark law that an exclusive licensee stands in the shoes of the trademark owner, and can sue for infringement on behalf of the owner. *G.H. Mumm Champagne v. Eastern Wine Corp.,* 142 F.2d 499, 502 (2d Cir.1944); *Ferrero U.S.A., Inc. v. Ozak Trading, Inc.,* 753 F.Supp. 1240, 1245 (D.N.J.1991). Thus, Informix argues that an exclusive licensee, such as Oracle, also can be sued for trademark cancellation.

Oracle acknowledges that it has standing to sue Informix for infringement of the trademark it has licensed from Melita, but argues that the obverse is not true: that Oracle cannot defend the trademark's registration. Oracle cites no case law for this proposition, but the Court finds it logical and persuasive in light of § 1119 and *Jeno's.* Pursuant to *Jeno's,* this Court would not have jurisdiction to proceed in this cancellation action if Oracle were the only defendant, because neither Informix nor Oracle owns the registered trademark at issue. The following analogy may be helpful in understanding why this is correct: A tenant can sue an intruder for trespass even though he does not own the house he rents, but an action to quiet title to the house would have to proceed directly against the property owner.

In addition, it is clear that the law imposes a duty upon a licensor, such as Melita, to supervise a licensee's use of its trademark. This duty derives from the Lanham Act's abandonment provisions, which specify that a registrant's trademark may be cancelled if the registrant fails to control its licensee's use of the licensed mark. *See, e.g., Mini Maid Serv. Co. v. Maid Brigade Sys., Inc.,* 967 F.2d 1516, 1519 (11th Cir.1992); *Midwest Plastic Fabricators, Inc. v. Underwriters Lab., Inc.,* 906 F.2d 1568, 1572 (Fed. Cir.1990); 15 U.S.C. §§ 1064(3) & 1064(5)(A). This duty imposed by statute also strongly suggests that the ultimate responsibility for the validity of a trademark lies with the licensor, not with the licensee.

Thus, the Court finds that an exclusive licensee of a trademark is not a proper defendant in a suit for cancellation of that trademark. Indeed, the owner of the trademark is the only proper defendant. In this action, the proper party to sue for cancellation is Melita. Thus, the Court dismisses with prejudice Informix's second claim against Oracle for cancellation of trademark.

### C.

Informix's third claim against Oracle alleges "unfair competition," although Informix does not designate the statutory basis for its claim. Informix alleges that Oracle (1) made public statements about Informix's right to use the phrase "universal server," and (2) induced, enticed and/or caused Melita to send cease and desist letters to Informix relating to the "universal server" mark. As a result of these allegedly wrongful acts, Informix claims to have been deprived of sales of its goods and to have suffered damages.

In its motion to dismiss, Oracle assumes that Informix is making a claim under § 17200 of the California Business and Professions Code, which defines unfair competition as "any unlawful, unfair or fraudulent business practice," as well as "unfair, deceptive, untrue or misleading advertising." California cases have defined "unfair practice" as one which is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Redding v. St. Francis Medical Center,* 208 Cal.App.3d 98, 107, 255 Cal. Rptr. 806, 811 (1989) (quoting *California v. Casa Blanca Convalescent Homes, Inc.,* 159 Cal.App.3d 509, 530, 206 Cal.Rptr. 164, 177 (1984).)

■ The court in *Casa Blanca* acknowledged that there had been no decision "setting the parameters of the term 'unfair business practice.'" 159 Cal.App.3d at 530, 206 Cal.Rptr. at 177. The Court looked for guidance in determining what constitutes an unfair trade practice to the Federal Trade Commission guidelines that were approved in *FTC v. Sperry & Hutchinson Co.,* 405 U.S. 233, 244–45 n. 2, 92 S.Ct. 898, 905–06 n. 2, 31 L.Ed.2d 170 (1972) (citation omitted):

(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise—whether, in other words, it is within at least the penumbra of some commonlaw, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers (or competitors or other businessmen).

Even construing Informix's allegations liberally, as this Court must do on a motion to dismiss, Informix essentially alleges merely that Oracle issued public statements that Informix is using a registered trademark that is licensed exclusively to Oracle, and that Oracle caused Melita to demand that Informix stop infringing its trademark. These allegations cannot possibly support a claim of unfair competition. Oracle's actions, as alleged, simply constitute good business sense.

■ Informix argues that it intended to allege unfair competition under both § 17200 of the California Business and Professions Code and under § 43(a) of the Lanham Act. Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a), prohibits, inter alia, the use of any false or misleading representation of fact which is likely to cause confusion among consumers. Informix apparently argues that Oracle's assertion of its rights as the exclusive licensee of the "universal server" registered trademark constitutes a violation of § 43(a).

These arguments are ridiculous. A federally registered trademark is presumed to be valid and enforceable. 15 U.S.C. § 1057(b). If the actions Oracle is alleged to have taken were actionable, no owner of a registered trademark could publicly state that it has an enforceable trademark, or attempt to enforce its rights in that trademark. Asserting rights enforceable by statute is not actionable as unfair competition. The Court grants plaintiff's motion to dismiss this claim with prejudice, to the extent the unfair competition claim is based on the allegations currently contained in the complaint.

■ Informix, however, also makes new arguments based on allegations not included in the complaint, nor included in documents attached to the complaint. These arguments are improper on a motion to dismiss. *Hal Roach Studios,* 896 F.2d at 1555 n. 19; *Branch,* 14 F.3d at 454. The Court does not rule on the sufficiency of these new allegations. The Court grants Informix leave to amend its unfair competition allegations to state these new allegations, but orders that Informix separately plead its claims under the Lanham Act and § 17200 of the California Business and Professions Code.

### D.

Informix does not oppose Oracle's motion to dismiss its fourth claim for trade libel and trade disparagement, but requests leave to amend. The Court grants Oracle's motion to dismiss the fourth claim with leave to amend.

### III.

Accordingly,

IT IS HEREBY ORDERED that:

1. Informix's second claim against Oracle for trademark cancellation is DISMISSED WITH PREJUDICE.

2. Informix's third claim against Oracle for unfair competition is DISMISSED WITH LEAVE TO AMEND.

3. Informix's fourth claim against Oracle for trade libel and trade disparagement is DISMISSED WITH LEAVE TO AMEND.