NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICKY A. GUTIER,**
*Appellant,*

**v.**

**HUGO BOSS TRADE MARK MANAGEMENT GMBH & CO. KG,**
*Appellee.*

---

2013-1481

---

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in Cancellation No. 92052550.

---

Decided: January 8, 2014

---

MICKY A. GUTIER, of Phoenix, Arizona, pro se.

ANDREW L. DEUTSCH, DLA Piper, LLP, of New York, New York, for appellee. With him on the brief was AIRINA L. RODRIGUES.

---

Before LOURIE, DYK, and WALLACH, *Circuit Judges.*

DYK, *Circuit Judge.*

Micky A. Gutier appeals from the decision of the Trademark Trial and Appeal Board ("the Board") cancelling two marks registered to him. The Board's decision was based on the judgment of the United States Court for the District of Arizona, ordering cancellation of the marks under 15 U.S.C. § 1119. We *affirm*.

## BACKGROUND

Before the challenged cancellations, Micky A. Gutier ("Gutier") owned federal registrations for two marks: XY COSMETICS, Registration No. 2,909,091, registered on December 7, 2004, and XY SKIN CARE, Registration No. 2,921,574, registered on January 25, 2005. In August 2008, Gutier and Alberto Gutier III, the sole members of XY Skin Care & Cosmetics, LLC ("plaintiffs"), sued Hugo Boss USA, Inc. and Hugo Boss Retail, Inc. ("defendants") for infringement of Gutier's registered marks relating to sales of products labeled "XY Hugo and XX Hugo." JA78. The defendants then filed counterclaims seeking cancellation of Gutier's marks and moved for summary judgment.

On June 11, 2010, Hugo Boss Trade Mark Management GmbH & Co. KG ("Hugo Boss") filed petitions before the Board, seeking cancellation of Gutier's registrations. The Board consolidated the proceedings, and suspended them pending final disposition of the infringement lawsuit. On February 25, 2011, the district court determined that the plaintiffs had no "valid, protectable rights" in the marks because they "did not engage in bona fide commercial use." JA85. The court also found that the defendants, who had used the marks continuously in commerce, had priority. The court granted summary judgment for defendants, declaring Gutier's trademarks invalid and not infringed, and ordered cancellation of the federal registrations for XY SKIN CARE and XY COSMETICS under 15 U.S.C. § 1119.

After the district court judgment on February 25, 2011, the plaintiffs and defendants participated in a mediation conference and entered into a Mediation Conference Memorandum (the "Memorandum"). Under the Memorandum, the plaintiffs and defendants agreed to "mutually release all claims, known or unknown" against each other and "stipulate to . . . a Final Judgment in the Litigation in favor of Hugo Boss consistent with the Order dated February 25, 2011 granting summary judgment in favor of Hugo Boss." JA94. Apparently no other final judgment was entered, and the parties treated the February 25 judgment as the final judgment of the district court. The plaintiffs also "waive[d] any right of appeal from the Final Judgment and any right to seek relief from the Final Judgment that might exist in the absence of th[e] Memorandum." JA96. The Memorandum also provided that "[s]ubject to the terms of the Final Judgment, Hugo Boss agrees that Plaintiffs may use their marks (XY COSMETICS and XY SKINCARE)." JA95.

Thereafter, the Board received a certified copy of the district court's judgment and the Memorandum. Based on the district court's judgment and pursuant to 15 U.S.C. § 1119, the Board dismissed the cancellation petitions as moot and ordered the registrations for Gutier's marks cancelled. Those cancellations issued on May 9, 2012. Gutier appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(B).

## DISCUSSION

Section 37 of the Lanham Act provides that

[i]n any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part . . . and otherwise rectify the register with respect to the registrations of any party to the action. Decrees and orders shall be certified by the

court to the Director, who shall make appropriate entry upon the records of the Patent and Trademark Office, and shall be controlled thereby.

15 U.S.C. § 1119. That provision permits district courts to "determine the right to registration of a trade mark of any party to the action." *Massa v. Jiffy Prods. Co.*, 240 F.2d 702, 707 (9th Cir. 1957). The same section provides that the certified district court orders will control the Patent and Trademark Office ("PTO"). *In re Wells Fargo & Co.*, 231 U.S.P.Q. (BNA) 95, 104 (T.T.A.B. 1986) ("It is settled law that where a court of competent jurisdiction . . . determines the respective rights of the parties before it to registration under the Trademark Act, that determination is binding upon the Commissioner . . . ."). Here, the district court ordered the cancellation of Gutier's marks for XY SKIN CARE and XY COSMETICS, and the Commissioner of Trademarks complied with that order by cancelling the registrations in accordance with § 1119.

Gutier argues that the Board erred in cancelling the marks. First, he argues that the Board erred in cancelling the registrations because he had filed for each mark a § 8 affidavit of use and a § 15 affidavit of incontestability (attesting to continuous use in commerce for five consecutive years from the date of registration, *see* Lanham Act §§ 8, 15, 15 U.S.C. §§ 1058, 1065). The PTO does not examine the merits of a § 15 affidavit, which is entered into PTO records "without regard to its substantive sufficiency" as long as it is received at the proper time and lacks facial inconsistencies or omissions. 3 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 19:140 (4th ed. 2013) (citing TMEP § 1605 (8th ed. Oct. 2013)). The PTO's records indicate the acceptance and acknowledgement of Gutier's § 8 and § 15 affidavits.

The filing and receipt of these declarations did not prevent the district court from ordering cancellation. Lanham Act § 15 specifically conditions a mark's incontestability on the fact that "there is no proceeding involving said rights pending in the United States Patent and Trademark Office or in a court and not finally disposed of." 15 U.S.C. § 1065(2). That requirement could not have been satisfied here because a proceeding involving the rights to the registered marks was pending when Gutier attempted to establish incontestability. The declarations were submitted in 2010, while the infringement suit, commenced in 2008, was pending, including defendants' counterclaims for cancellation of Gutier's marks. The validity of the district court's judgment is unaffected by the filing of the declarations before the Board.

Next, Gutier argues that the cancellations contravene the Memorandum's terms. The Memorandum expressly states that "Hugo Boss agrees that Plaintiffs may use their marks (XY COSMETICS and XY SKINCARE)," JA 95, but this did not give Gutier the right to retain registrations that the district court had already found invalid and ordered cancelled. Gutier's argument mistakenly conflates the right to use a trademark with the right to register a trademark. *See, e.g.*, *In re Fox*, 702 F.3d 633, 639 (Fed. Cir. 2012) (applicant is not precluded from making commercial use of unregistrable mark); 3 McCarthy, *supra*, § 19:3 ("'A refusal by the PTO to register a mark does not preclude the owner of the mark from his right to use it.'") (quoting *Volkswagenwerk Aktiengesellschaft v. Wheeler*, 814 F.2d 812, 819 (1st Cir. 1987)). The Memorandum gave Gutier the right to continue using the marks, but did nothing to undo the district court's judgment of cancellation. In fact, it confirmed that the district court's grant of summary judgment would be final, and that the parties would not appeal or seek relief from that judgment. The Memorandum cannot provide a basis for

overturning the court-ordered cancellations issued by the Board in accordance with § 1119.

The other factual issues that Gutier raises on appeal were presented to the Board, and are attempts to relitigate the district court's finding of trademark invalidity. The Board did not address these issues, and they provide no basis for overturning the Board's decision.

## AFFIRMED

### COSTS

Costs to Appellee.