### SOUTHERN GENERAL INSURANCE CO.

#### v.

**David John O'KEEFE, also known as David Lee Hales, Estate of Raymond John Humphries, Virginia Patterson, Dawn Christine Humphries and James D. Henrick or Henrich.**

**Civ. No. 17179.**

United States District Court
D. Maryland.

Oct. 12, 1967.

Jacob D. Hornstein, Baltimore, Md., for plaintiff.

No attorney for defendant.

## MEMORANDUM AND ORDER

FRANK A. KAUFMAN, District Judge.

Plaintiff, Southern General Insurance Co., seeking a declaratory judgment against five defendants, asks this Court to declare that a certain policy of insurance issued by plaintiff to one of the defendants, David John O'Keefe, under the fictitious name of David Lee Hales, be deemed rescinded as of the date of its issuance. Jurisdiction is grounded upon diversity of citizenship and an amount in controversy exceeding $10,000, exclusive of interest and costs.

Plaintiff alleges that, in reliance upon statements and representations made by O'Keefe in an application for insurance, plaintiff issued to O'Keefe an automobile insurance policy on August 17, 1965; that on October 24, 1965, O'Keefe, while operating the vehicle covered by the policy, collided with a power pole; that in that collision defendants Virginia Patterson and James D. Henrick (Henrich),

passengers in the car O'Keefe was driving, suffered injuries, and another passenger in that same automobile, Raymond John Humphries, whose estate and wife, Dawn Christine Humphries, are also defendants in this proceeding, suffered fatal injuries; that claims of Mrs. Humphries, arising out of the accident have been asserted against plaintiff as insurer of O'Keefe; that during the course of its investigation of the accident, plaintiff for the first time discovered that O'Keefe had made "false and fraudulent" representations in his insurance application; and, that thereafter plaintiff notified O'Keefe of its decision to rescind the policy while tendering to O'Keefe a refund of the premium paid. The alleged misrepresentations by O'Keefe when he applied for the policy included his use of a fictitious name and his concealment of a substantial prior accident record and license revocations.

Service of process in this case has been obtained only on defendants O'Keefe and Mrs. Humphries, neither of whom has filed an answer to the complaint. The twenty day period for response by those two defendants has long since expired. Plaintiff has obtained an entry of default under Rule 55(a) of the Federal Rules of Civil Procedure against O'Keefe and against Mrs. Humphries. Plaintiff has dismissed the within action "without prejudice" as against the three unserved defendants—James D. Henrick (or Henrich), Virginia Patterson and the Estate of Raymond John Humphries. Plaintiff has also filed a motion for default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure and under local Rule 7 of this Court against the remaining two defendants, O'Keefe and Mrs. Humphries, and has submitted, in support of its motion, an affidavit of its Vice-President. Among other things, the affiant swears to the truth of "the facts set forth in the various allegations and exhibits of the complaint."

 Plaintiff's motion for a default judgment under Rule 55(b)(2) against O'Keefe and Mrs. Humphries is hereby granted. Those two defendants have failed to plead or otherwise defend. Pursuant to Rule 55(b)(2), this Court is empowered to order such judgment on the basis of a well-pleaded complaint and affidavit where the defendants have failed to file any answer at all. Rule 55(b)(2) provides in part:

\* \* \* If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of of the United States.

In this case, this Court does not find it necessary to conduct any hearing or to receive any evidence in order to consider and dispose of the motion pending before it under Rule 55(b)(2). Cf. Massa v. Jiffy Products Co., 240 F.2d 702 (9th Cir. 1957) cert. denied, 353 U.S. 947, 77 S.Ct. 825, 1 L.Ed.2d 856 (1957).

 Plaintiff's complaint and motion, and affidavit attached to its motion, clearly establish plaintiff's right to relief within the scope of the doctrine of State Farm Mutual Automobile Ins. Co. v. West, 149 F.Supp. 289 (D.Md.1957). In that case, Judge Watkins held that an insurance company, under factual circumstances similar to those herein, was entitled to rescission. Like defendant O'Keefe, the insured in *West*, made false representations with regard to his previous accident history and prior license revocations. Such misrepresentations are clearly material (See 89 A.L.R.2d 1027, et seq.), and constitute grounds for rescission. 8 Appleman, Ins. Law & Pract. § 5011. When a policy is so rescinded, injured third persons have no better rights under the policy than the insured. *West*, supra, 149 F.Supp. at 307. See also, 8 Appleman, supra, at § 5020. Mrs. Humphries, the only defendant other than the insured O'Keefe

remaining after plaintiff's dismissal against all other originally named but unserved defendants, therefore cannot make claims under plaintiff's policy issued to O'Keefe, unless plaintiff's conduct entitles Mrs. Humphries to assert a bar to rescission of the policy as against plaintiff because of an estoppel or pursuant to any other legal or equitable doctrine. In this case, no basis for an estoppel or the application of any other legal or equitable doctrine, as such a bar, has been shown to exist. There is nothing in the record to indicate that Mrs. Humphries was misled to her "prejudice or into an altered position, an indispensable element of estoppel." *West,* supra, 149 F.Supp. at 307.

█ This Court does not reach the question of whether any of the other defendants originally named in plaintiff's complaint and not served, or any person not at any time a named party in these proceedings, can assert, by way of estoppel or any other legal or equitable doctrine, a bar in whole or in part to the Order of rescission herein set forth. No persons, other than O'Keefe and Mrs. Humphries, are parties defendant herein. Therefore, while the policy itself is rescinded by the within Order, this Court cannot and does not pass upon the rights of persons not before it to assert any bar by estoppel or otherwise to the effect of the within Order of rescission.

It is therefore, this 12th day of October, 1967, by the United States District Court for the District of Maryland, ordered, that the policy of automobile liability insurance, designated No. AC 35 16 79, issued by the plaintiff Southern General Insurance Company to the defendant, David John O'Keefe, under the fictitious name of David Lee Hales, be, and the same hereby is, rescinded as of August 17, 1965, the date of issuance of said policy, and that said plaintiff has no liability thereunder to defendants David John O'Keefe and Dawn Christine Humphries.