**TRANSPORTES AEREOS DE ANGOLA, Plaintiff,**

**v.**

**JET TRADERS INVESTMENT CORPORATION d/b/a Commercial Air Transport Sales, and Nigel Winfield, Defendants.**

**JET TRADERS INVESTMENT CORPORATION, Plaintiff,**

**v.**

**TEKAIR, LTD. and Ronair, Inc., Defendants.**

Civ. A. Nos. 81–120–JLL, 79–363–JLL.

United States District Court, D. Delaware.

Dec. 6, 1985.

F. Alton Tybout of Tybout, Redfearn, Casarino & Pell, Wilmington, Del., Michael B. Standard and Emily M. Bass of Rabinowitz, Boudin, Standard, Krinsky and Lieberman, New York City, of counsel, for plaintiff Transportes Aereos de Angola.

Allen M. Terrell, Jr. of Richards, Layton & Finger, Wilmington, Del., and Thomas E. Engel, Robert P. Knapp III and James G. McCarney of Engel & Mulholland, New York City, of counsel, for defendants Ronair, Inc. and Tekair, Ltd.

Laurence I. Levinson, Wilmington, Del., for defendant Nigel Winfield.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

LATCHUM, Senior District Judge.

Defendants Tekair, Ltd. ("Tekair") and Ronair, Inc. ("Ronair") have filed a motion

for a default judgment and an award of costs and attorneys' fees pursuant to this Court's opinion and order of February 4, 1985 (Docket Item ["D.I."] 325, 326), and Fed.R.Civ.P. 37, 54, and 55. The Court in its order and opinion granted the motions of Tekair and Ronair for dismissal of the claims against them by Jet Traders and Winfield and for a default on their claims against Jet Traders. The Court also awarded Ronair and Tekair costs and attorneys' fees for their motion, continued the attachment bond posted by Jet Traders pending entry of a default judgment for damages after a hearing to assess damages, and granted Tekair and Ronair leave to apply for recovery out of the attachment bond other costs they may have incurred. After considering the affidavits submitted in conjunction with their motion, and the other undisputed facts of this case, the Court enters the following findings of fact and conclusions of law as required by Rule 52(a), Fed.R.Civ.P.

## FINDINGS OF FACT

1. Transportes Aereos de Angola ("TAAG") is a juridical entity of the Ministry of Transport of the Peoples Republic of Angola. TAAG is organized under the laws of Angola with its principal place of business in Luanda, Angola.

2. Plaintiff Jet Traders Investment Corporation ("Jet Traders") is a Florida corporation with its principal place of business in Florida.

3. Plaintiff Nigel Winfield is a citizen of Broward County, Florida.

4. Tekair is a Swiss corporation with its principal place of business in Switzerland.

5. Ronair is a Delaware corporation with its principal place of business in the State of New York.

6. Jet Traders filed its action on July 27, 1979 ("C.A. 79–363"), seeking specific performance from the defendant Tekair for an agreement to sell a Boeing 707–320F

("Aircraft") or to recover money damages in the alternative.

7. On March 24, 1981, TAAG filed a complaint ("C.A. 81–120") against Ronair and Jet Traders seeking recovery from the defendants of the $6,550,000 it paid to Jet Traders for the Aircraft. On October 14, 1982, TAAG amended its complaint to include as defendants Ronair, Jet Traders, and Nigel Winfield, personally, as controlling Jet Traders.

8. Jet Traders and Winfield filed cross-claims against Ronair for compensatory, consequential, and punitive damages arising out of the Tekair-Jet Traders contract for the sale of the Aircraft.

9. The Court consolidated C.A. 81–120 and C.A. 79–363 on November 1, 1983 (D.I. 119),[1] and by order granted TAAG's motion voluntarily to dismiss with prejudice its claims against Ronair. (D.I. 169.)

10. On September 25, 1984, Tekair and Ronair filed a motion for dismissal for failure to prosecute ("September 25 Motion") pursuant to Fed.R.Civ.P. 41(b) of the claims by Jet Traders against Tekair and Ronair, for default on their counterclaims against Jet Traders in C.A. 79–363 pursuant to Fed.R.Civ.P. 55(a), as well as for costs, disbursements, and attorneys' fees incurred as a result of the motion. Ronair also filed a motion, dated November 20, 1984, on November 23, 1984, pursuant to Fed.R.Civ.P. 37 for dismissal of the cross-claim for indemnification by Winfield against Ronair for an award of expenses for Winfield's failure to admit and failure to obey a Court order ("November 20 Motion").

11. The Court granted both of these motions and motions by TAAG on February 4, 1985, including a civil contempt against Nigel Winfield and an award to TAAG of $102,681.72 in interim attorneys' fees. The orders were made in view of the "contumacious conduct" of Jet Traders and Winfield. *Transportes Aereos de Angola*

---

**1.** For reference purposes in this consolidated action, all docket items will refer to C.A. 81–120 unless otherwise stated.

*v. Ronair, Inc.*, 104 F.R.D. 482, 499–509 (D.Del.1985).

12. Ronair has expended $49,482.55 in attorneys' fees and expenses in preparing and filing the motions of Tekair and Ronair against Jet Traders and Winfield for dismissal and default (D.I. 232–233a, 273) pursuant to the Court's February 4, 1985 order (D.I. 326) and Rule 37, Fed.R.Civ.P. (D.I. 376, ¶ 2.)

13. Tekair alleges attachment damages arising from the default judgment on their counterclaims against Jet Traders to consist of $18,242.30 in attorneys' fees and disbursements incurred in vacating the attachment. Ronair alleges attachment damages to consist of $45,376.82 in lost rental value and certain incidental expenses.[2]

14. Tekair and Ronair allege additional damages to the extent of the prejudgment interest which has accrued on their attachment damages. The prejudgment interest on Tekair's damages is $6,468.27, and on Ronair's damages, $16,641.49 through September 30, 1985. (D.I. 376, ¶ 17.) Additional prejudgment interest has accrued after that date to the date of this judgment, December 6, 1985, at a rate of $3.00 per day to Tekair and $7.46 per day to Ronair.

15. The total damages Tekair and Ronair claim to have incurred are therefore the following (D.I. 376, ¶ 17):

|  | Tekair | Ronair |
|---|---|---|
| Attachment Damages | $18,242.30 | $ 45,376.82 |
| Prejudgment Interest through 9/30/85 | $ 6,468.27 | $ 16,641.49 |
| Prejudgment Interest, 10/1/85–12/6/85 (total of 67 days) | $ 201.00 ($ 3.00/day) | $ 499.82 ($7.46/day) |
| Attorneys' Fees and Expenses of September 25 and November 20 Motions | N/A | $ 49,482.55 [3] |
| TOTAL | $24,911.57 | $112,000.68 |

16. Preparation of the September 25 and November 20 Motions consumed a considerable amount of time. The September 25 Motion for a default and a dismissal against Jet Traders required a review and analysis of the entire five-year history of the litigation. (D.I. 376 at ¶ 5.) In Ronair's November 20 Motion to dismiss Winfield's cross-claim, counsel was also required to review all the evidence, depositions, and documents to show that the cross-claim was without substance. (*Id.*)

## CONCLUSIONS OF LAW

1. Jurisdiction exists on the basis of diversity pursuant to 28 U.S.C. § 1332.

■ 2. The default entered by the Court against Jet Traders on February 4, 1985, conclusively establishes Jet Traders' liability.

■ 3. Tekair and Ronair can establish the amount of damages without an evidentiary hearing because each has presented to the Court "definite figures contained in the documentary evidence or in detailed affidavits" which are an adequate substitute for live testimony, *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir.1983). The Court may also award such damages when the motion for default judgment specifies the amount requested and the defendant does not question that amount which is the case here. *United States v. DeFrantz*, 708 F.2d 310, 312–313 (7th Cir. 1983); *Southern General Insurance Co. v. O'Keefe*, 275 F.Supp. 107, 109 (D.Md.1967).

4. On the basis of the documentary evidence and affidavit submitted (Knapp Affidavit, D.I. 376), the Court finds the amount of damages requested by Tekair and Ronair to be reasonable.

5. Ronair is entitled to an award of $49,482.55, jointly and severally, against Jet Traders and Winfield for attorneys'

---

**2.** For purposes of its motion, Ronair waives its claim for lost interest based upon the assumption that the Aircraft would have been promptly sold but for the attachment of the plane on July 27, 1979, and that Ronair therefore would no longer have to pay mortgage payments. (D.I.

376, ¶ 10.) Instead, Ronair is claiming $44,000 for lost rental value and reserves the right to recover interest should the Court deny its rental value claim. (*Id.*)

**3.** D.I. 376, ¶ 4.

fees and expenses accumulated as a result of the September 25 and November 20 Motions of Tekair and Ronair. (D.I. 232–233a, 273.) This award is entered pursuant to this Court's order of February 4, 1985 and Fed.R.Civ.P. 37(b)–37(d).

6. Tekair is entitled to attorneys' fees and disbursements, as attachment damages, due to expenses incurred in vacating the attachment, which Jet Traders wrongfully sought to impose on Tekair, although Ronair, not Tekair, had an attachable interest in the Aircraft. Del.Super.Civ.R. 4(b)(2); *Walsh v. Hotel Corp. of America,* 231 A.2d 458, 462 (Del.1967).

7. Tekair is entitled to a default judgment for $18,242.30 and $6,468.27 in prejudgment interest, and Ronair is entitled to a default judgment for $45,376.82 and $16,641.49 in prejudgment interest on their counterclaims, through September 30, 1985, against Jet Traders pursuant to Fed. R.Civ.P. 55(b)(2). The interest accrued on these damages since that date to December 6, 1985, the date of this judgment for the parties, respectively, is $201.00 and $499.82. The total award therefore is $24,911.57 for Tekair and $112,000.68 for Ronair.

8. Tekair is authorized to recover $16,200.00 as the prorated amount in partial satisfaction of the aforesaid judgment from the surety, St. Paul Fire & Marine Insurance Company, under the $90,000.00 attachment bond posted by Jet Traders. (C.A. 79–363, D.I. 61.) Ronair is authorized to recover $73,800.00 as the prorated amount in partial satisfaction of the judgment from this surety under Jet Traders' attachment bond.[4]

9. Tekair and Ronair are entitled to final judgment in this action of multiple claims, C.A. 79–363 and C.A. 81–120, as there is "no just reason for delay" pursuant to Fed.R.Civ.P. 54(b).

---

**4.** The prorated amounts were calculated as follows:

| $\ 90,000.00 (Bond) | $90,000.00 (Bond) |
| × .18 (Tekair's % of Total) | × .82 (Ronair's % of Total) |
| $ 16,200.00 (Tekair's Prorated Amount) | $73,800.00 (Ronair's Prorated Amount) |